IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SAM CANNADY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 17-1273 |
| | ) | |
| CAMERON WATSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Sam Cannady's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (d/e 1).

Under Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court must promptly examine the Motion. If it appears from the Motion and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Motion and direct the Clerk to notify Petitioner. See Rule 4 of the Rules Governing Section 2254 Proceedings. A preliminary review of Petitioner's Motion shows that it must be dismissed because the Motion is untimely and Petitioner is not entitled to relief.

# I. BACKGROUND

The Court takes the following information from Petitioner's Motion, the attachments thereto,[1] and the appellate court decision affirming Petitioner's conviction, People v. Cannady, 159 Ill. App. 3d 1086 (1987). The Court can take judicial notice of public records. See U.S. ex rel. Santiago v. Hinsley, 297 F. Supp. 2d 1065, 1068 n.4 (N.D. Ill. 2003) (involving summary dismissal of a § 2254 motion where the court took judicial notice of public records about the petitioner's prior state court litigation).

In 1985, a jury found Petitioner guilty of unlawful restraint, aggravated criminal sexual assault, and armed robbery for events that occurred in 1984. In May 1985, the trial court sentenced Petitioner as a habitual criminal to life imprisonment under the Illinois Habitual Criminal Act, Ill. Rev. Stat. 1983, ch. 38, par. 33B-1 et seq. (now 730 ILCS 5/5-4.5-95). Petitioner qualified as a habitual criminal based on a 1969 conviction for rape and robbery and a 1979 conviction for rape, armed robbery, and deviate sexual assault. Petitioner appealed.

---

[1] The attachments include the 2014 state trial court order denying one of Petitioner's pro se motions under 735 ILCS 5/2-1401 for relief from judgment. See Ex. B1-B6 (d/e 1-3, pp. 15-20).

On appeal, Petitioner argued, among other grounds, that his life imprisonment sentence must be vacated because the provisions of the Habitual Criminal Act under which he was sentenced were unlawfully amended and the statute was unconstitutional. Specifically, Petitioner argued that the 1980 amendment to the Habitual Criminal Act was unconstitutional under the Illinois Constitution because the bill containing the amendment was not read by title on three different days before the House of Representatives and the amendment was not germane to the original bill submitted for passage.

In August 1987, the appellate court rejected those arguments and found no constitutional violation in the passage of the amendment. Cannady, 159 Ill. App. 3d at 1090. Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court.

In 2001, Petitioner filed a pro se post-conviction petition challenging the constitutionality of his sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000). The trial court summarily dismissed the petition, and the appellate court affirmed.

In 2003, Petitioner filed a successive pro se post-conviction petition challenging the Habitual Criminal Act as unconstitutional.

The trial court summarily dismissed the petition as barred by waiver and res judicata. On appeal, appellate counsel filed a Finley brief (Pennsylvania v. Finley, 481 U.S. 551 (1987)) stating there were no meritorious claims. The appellate court dismissed the case for lack of jurisdiction because Petitioner failed to file his notice of appeal in the proper manner.

In December 2003, Petitioner filed a pro se petition for relief from judgment pursuant to 735 ILCS 5/2-1401, challenging the constitutionality of the Habitual Criminal Act. The trial court recharacterized the petition as a post-conviction petition and dismissed it.

In June 2004, Petitioner filed another pro se petition for relief from judgment pursuant to 735 ILCS 5/2-1401, challenging the constitutionality of the Habitual Criminal Act. The trial court dismissed the petition.

Petitioner appealed the dismissal of the 2003 and 2004 petitions. The appellate court dismissed the appeal of the 2003 petition because Petitioner failed to properly file a notice of appeal. The appellate court found it had jurisdiction over the appeal of the dismissal of the 2004 petition. The appellate court further found

that the trial court failed to give Petitioner notice of the court's recharacterization of his petition. Therefore, the appellate court remanded the case for the trial court to comply with the admonishments required by People v. Shellstrom, 216 Ill. 2d 45 (2005).

On remand, Petitioner amended his petition. The State filed a motion to dismiss, which the trial court granted. Petitioner appealed, and the appellate defender filed a Finley brief stating there was no arguable basis for relief. The appellate court found no issue of arguable merit and affirmed the judgment of the trial court.

In April 2011, Petitioner filed a pro se petition for relief from judgment pursuant to 735 ILCS 5/2-1401, again challenging the application of the Habitual Criminal Act. The trial court dismissed the petition.

In December 2013, Petitioner filed a pro se petition for relief from judgment pursuant to 735 ILCS 5/2-1401, claiming his sentence was unconstitutional. The trial court dismissed the petition as frivolous and patently without merit. Petitioner appealed. In February 2016, the appellate court granted counsel's motion for leave to withdraw as counsel and affirmed the judgment

of the trial court. Petitioner filed a petition for leave to appeal with the Illinois Supreme Court, which the supreme court denied in May 2016.

On June 13, 2017, Petitioner filed the § 2254 Motion at issue herein.

## II. ANALYSIS

Initially, the Court finds that Petitioner's § 2254 Motion is untimely under 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

Here, Petitioner does not assert that the State created an impediment to filing (§ 2244(d)(1)(B)), that the Supreme Court has recognized a right and made that new right retroactively applicable to cases on collateral review (§ 2244(d)(1)(C)), or that the factual predicate for the claims could not have been discovered previously through the exercise of due diligence (§ 2244(d)(1)(D)). Therefore, the Court will only address the calculation of the one-year period under § 2244(d)(1)(A).

Under 28 U.S.C § 2244(d)(1)(A), the relevant date for starting the limitations period for filing the federal habeas petition is the date on which Petitioner's conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. However, because Petitioner's conviction became final before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective, the one-year limitations period began to run from April 24, 1996, the AEDPA's effective date. Carey v. Saffold, 536 U.S. 214, 217 (2002). Absent tolling, the one-year statute of limitations expired on April 24, 1997, and Petitioner's federal habeas petition—filed in June 2017—was untimely by over 20 years.

Although the one-year period is tolled during the time a properly filed State post-conviction petition or other collateral review is pending, 28 U.S.C. § 2244(d)(2), Petitioner did not file his first state post-conviction petition until 2001, well after the expiration of the one-year period calculated under § 2244(d)(1)(A). State post-conviction proceedings that are filed after the expiration of the one-year statute of limitations do not restart the one-year period. De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009) ("It

follows that a state proceeding that does not begin until the federal year has expired is irrelevant."); Graham v. Borgen, 483 F.3d 475, 483 (7th Cir. 2007) (holding that a petition for collateral review filed after the federal habeas statute of limitations has expired does not toll the one-year statute of limitation). Therefore, under § 2244(d)(1)(A), Petitioner's claims are untimely.

Petitioner does not assert that equitable tolling or equitable estoppel applies, nor does the Court find any basis on which these doctrines would apply. See Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008) (for equitable tolling to apply, a petitioner must show that "extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition" and he must show that "he has diligently pursued his claim, despite the obstacle"); Clarke v. United States, 703 F.3d 1098, 1101 (7th Cir. 2013) (equitable estoppel applies where the government takes active steps to prevent the petitioner from timely filing suit).

In addition, the Court finds that summary dismissal is warranted on the merits. In his § 2254 Motion, Petitioner

challenges his life imprisonment sentence under the Illinois Habitual Criminal Act.

The version of the statute in effect when Petitioner was convicted and sentenced in 1985 provided that:

> (a) Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony or murder, and is thereafter convicted of a Class X felony or murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal.
>
> * * *
>
> (d)  This Article shall not apply unless each of the following requirements are satisfied:
>
> (1) the third offense was committed after the effective date of this Act;
>
> (2) the third offense was committed within 20 years of the date that judgment was entered on the first conviction, provided, however, that time spent in custody shall not be counted;
>
> (3) the third offense was committed after conviction on the second offense;
>
> (4) the second offense was committed after conviction on the first offense.

Ill.Rev.St.1983, ch. 38, par. 33B-1(a), (d).  Prior to the 1980 amendment to the Act, only Illinois felony convictions that occurred after the effective date of the Act could be used to qualify a

defendant as a habitual criminal. Ill.Rev.Stat.1979, ch. 38, par. 33B-1 (applying only to state convictions for crimes of treason, murder, rape, deviate sexual assault, armed robbery, aggravated arson, or aggravated kidnapping for ransom and requiring that the first felony have been committed after the effective date of the Act in 1978).

Petitioner argues that the 1980 amendment to the Habitual Criminal Act violates the Illinois Statute on Statutes, 5 ILCS 70/4, and the <u>ex post facto</u> clauses of the Illinois and United States Constitutions. Specifically, Petitioner contends that he had a vested right in the pre-1980 version of the Act such that his 1969 conviction—which would not have counted as a qualifying offense under the pre-1980 version of the Act—could not be used to enhance his sentence in 1985. If the 1969 conviction had not counted as a qualifying offense under the Habitual Criminal Act, Petitioner faced a maximum sentence of 30 years.

To the extent Petitioner's challenge is based on state law and the Illinois Constitution, the claim is noncognizable on federal habeas review. <u>See</u> 28 U.S.C. § 2254(a) (providing that a person in custody pursuant to a state-court conviction may petition for a writ

of federal habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"); Mosely v. Moran, 798 F.2d 182, 185 (7th Cir. 1986) (only violations of federal statutory or constitutional law can be the basis for granting federal habeas relief). In addition, courts have repeatedly rejected claims that the Illinois Habitual Criminal Act violates the United States Constitution. See People v. Dunigan, 165 Ill.2d 235, 242 (1995) (finding the Illinois Habitual Criminal Act, as amended in 1980, did not violate the ex post facto and double jeopardy clauses of the federal and state Constitutions because habitual criminal statutes do not define a new or independent criminal offense and the punishment is only for the most recent offense); Williams v. Chrans, 894 F.2d 928, 936 (7th Cir. 1990) (noting that challenges to the Illinois Habitual Criminal Act on ex post facto grounds have been "firmly rejected by both state and federal courts").

"An ex post facto law is one that punishes for conduct that is not criminal at the time it occurred or that increases the punishment for the conduct after the conduct is done." United States v. Mettler, 938 F.2d 764, 768 (7th Cir. 1991); see also Peugh

v. United States, 133 S. Ct. 2072, 2081 (2013) (citing the common law understanding of an ex post facto law to include a law that makes criminal and punishes an act that was innocent when committed, aggravates a crime or makes it greater than it was when committed, changes the punishment and inflicts a greater punishment than the law in effect when the crime was committed, or alters the rules of evidence and receives less or different testimony than the law required when the offense was committed in order to convict the offender). The conduct for which Petitioner was convicted and sentenced to life imprisonment in 1985 occurred in 1984, well after the 1980 amendment to the Habitual Criminal Act. The fact that Petitioner's 1969, pre-Habitual Criminal Act conviction enhanced Petitioner's 1985 punishment does not violate the ex post facto clause of the United States Constitution because Petitioner was punished solely for the conduct that occurred in 1984. See Gryger v. Burke, 68 S. Ct. 1256, 1258 (1948) (finding that Pennsylvania's Habitual Criminal Act was not unconstitutionally retroactive and ex post facto where one of the qualifying convictions occurred before the Act was passed, noting that the sentence as a habitual criminal "is not to be viewed as either a new jeopardy or

additional penalty for the earlier crimes" and that the penalty is a "stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one"); Williams, 894 F.2d at 936 (finding the district court correctly rejected the petitioner's Eighth Amendment and ex post facto challenges to the Illinois Habitual Criminal Act even where both of the petitioner's prior convictions were entered before the effective date of the Act).

### III. CONCLUSION

Because it plainly appears from the Motion and the attached exhibits that the Motion is untimely and that Petitioner is not entitled to relief, the Court SUMMARILY DISMISSES Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (d/e 1). The Clerk is DIRECTED to notify Petitioner of the dismissal.

Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). For such a showing to exist, reasonable jurists must be able to "debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court declines to issue Petitioner a certificate of appealability. CASE CLOSED.

**ENTER: June 22, 2017**

**FOR THE COURT:**

*s/Sue E Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**